**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

ABC Teacher's Outlet, Inc.,                                      Civil No. 07-159 (DWF/SRN)

           Plaintiff,

v.                                                                 **AMENDED MEMORANDUM**
                                                                              **OPINION AND ORDER**

School Specialty, Inc.,
a Wisconsin corporation,

           Defendant.

_____

Daniel W. McDonald, Esq., Merchant & Gould PC, counsel for Plaintiff.

Thomas H. Boyd, Esq., Winthrop & Weinstine, PA, and William E. Duffin, Esq., Godfrey & Kahn, SC, counsel for Defendant.

_____

The Court files this Amended Memorandum Opinion and Order in order to make a minor correction from its Memorandum Opinion and Order dated July 11, 2007. Specifically, in this Order, the Court substituted the words "School Specialty" for the words "Teacher's Outlet" beginning the first sentence of the last paragraph on page five of this Order. In all other respects, this Order is identical to the July 11, 2007 Order.

**INTRODUCTION**

The above-entitled matter is before the Court pursuant to Plaintiff ABC Teacher's Outlet, Inc.'s ("Teacher's Outlet") Motion to Enjoin Defendant from Proceeding in the Later-Filed Wisconsin Action and Defendant School Specialty, Inc.'s ("School Specialty") Motion to Dismiss, Transfer, or Stay the Proceedings. For the reasons stated below, the Court grants School Specialty's motion and denies Teacher's Outlet's motion.

## BACKGROUND

Teacher's Outlet is a Minnesota business that sells online discounted educational materials for school-age children.  Teacher's Outlet has conducted business under the name "ABC Teacher's Outlet" since 1999.  Judy and Rex Rhein own and operate Teacher's Outlet.  School Specialty operates business units that sell school furniture, equipment, and supplies.

In April 2002, School Specialty purchased a business called "ABC School Supply, Inc." ("School Supply").  Prior to the purchase, on March 25, 2002, Sarah Keefe, counsel for School Supply, sent a letter to Teacher's Outlet alleging infringement of its registered trademarks, including:  "ABC SCHOOL SUPPLY, INC. & Design"; "ABC & Design"; and "ABC SCHOOL SUPPLY."  (Compl. at ¶ 7.)  In the letter, Keefe demanded that Teacher's Outlet cease and desist from all use of any term incorporating the term "ABC."  In response, Teacher's Outlet retained counsel who sent Keefe a letter dated July 18, 2002, requesting to resolve the matter.  Keefe did not respond.

On November 14, 2006, Nicolas Kees, School Specialty's counsel, sent a letter to Teacher's Outlet alleging that Teacher's Outlet was infringing its registered trademarks and threatening to take action.  On November 29, 2006, Teacher's Outlet's counsel responded by denying the allegations and informing School Specialty of the 2002 correspondence between Teacher's Outlet and School Supply.  Shortly thereafter, Teacher's Outlet provided School Specialty with copies of that correspondence.  On January 5, 2007, School Specialty sent another letter to Teacher's Outlet stating that

School Specialty would not permit Teacher's Outlet to create further confusion in the marketplace and warning Teacher's Outlet about a potential claim for enhanced damages.

On January 11, 2007, Teacher's Outlet filed this declaratory-judgment action seeking a declaration that its use of the letters "ABC" does not infringe School Specialty's registered trademarks. Teacher's Outlet served the summons and complaint on School Specialty on February 21, 2007. Meanwhile, on February 6, 2007, School Specialty filed an action against Teacher's Outlet in the United States District Court for the Eastern District of Wisconsin ("the Wisconsin action"), alleging trademark infringement, unfair competition under the Lanham Act, and related causes of action under federal law and common law regarding the same trademarks at issue in Teacher's Outlet's complaint. School Specialty served its summons and complaint on February 14, 2007.

The Wisconsin court granted Teacher's Outlet's Motion to Stay Proceedings in the Wisconsin action until this Court ruled on the question of which court should adjudicate the parties' dispute. School Specialty now brings a Motion to Dismiss, Transfer, or Stay the Proceedings, asserting that the Wisconsin court has priority to hear the case under the first-filed rule. Alternatively, School Specialty contends that even if this Court has priority under the first-filed rule, this Court should dismiss the case because of compelling-circumstances. Teacher's Outlet, on the other hand, brings a Motion to Enjoin Defendants from Proceeding in Later-Filed Wisconsin Action, asserting that this Court has priority to hear the case under the first-filed rule.

## DISCUSSION

**I.     The First-Filed Rule**

The first-filed rule establishes that in cases of concurrent jurisdiction, "the first court in which jurisdiction attaches has priority to hear the case. *Nw. Airlines, Inc. v. Am. Airlines, Inc.*, 989 F.2d 1002, 1005 (8th Cir. 1993). The purpose of the rule is to conserve judicial resources and avoid conflicting rulings. *Keymer v. Mgmt. Recruiters Int'l, Inc.*, 169 F.3d 501, 503 n.2 (8th Cir. 1999). The prevailing standard is that "in the absence of compelling circumstances," the first-filed rule should apply. *Orthmann v. Apple River Campground, Inc.*, 765 F.2d 119, 120 (8th Cir. 1985) (quoting *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu,* 675 F.2d 1169, 1174 (11th Cir. 1982)). The first-filed rule "is not intended to be rigid, mechanical or inflexible, but should be applied in a manner serving sound judicial administration." *Orthmann*, 765 F.2d at 120. Pursuant to the first-filed rule, the court has the discretion to dismiss the later-filed action or transfer it to the district in which the same action was earlier-filed action. *Slidell, Inc. v. Archer Daniels Midland Co.,* No. 02-4841, 2003 WL 22050776, at *4 (D. Minn. Sept. 2, 2003) (citing *Anheuser-Busch, Inc. v. Supreme Int'l Corp.*, 167 F.3d 417, 419 (8th Cir. 1999) and *Orthmann*, 765 F.2d at 121).

School Specialty asserts that service of the Complaint establishes priority under the first-filed rule. Accordingly, School Specialty contends that jurisdiction first attached in the Wisconsin court because School Specialty served Teacher's Outlet first. Teacher's Outlet, on the other hand, asserts that filing the complaint establishes jurisdiction under the first-filed rule. Accordingly, Teacher's Outlet contends that jurisdiction first attached in this Court because Teacher's Outlet filed first.

Although the Eighth Circuit has not addressed whether filing or service establishes priority, both the Tenth and Sixth Circuits have held that jurisdiction first attaches in the court in which the complaint was first filed. *See Hospah Coal Co. v. Chaco Energy*, 673 F.2d 1161, 1163 (10th Cir. 1982); *Barber-Greene Co. v. Blaw-Knox Co.*, 239 F.2d 774, 778 (6th Cir. 1957). Additionally, other courts in this district have held the same. *See Slidell*, 2003 WL 22050776, at *5; *Fed. Cartridge Co. v. Remington Arms Co.,* No. 03-6105, 2003 WL 23101805, at *5 (D. Minn. Dec. 31, 2003); *see also Med-Tec Iowa, Inc. v. Nomos Corp.,* 76 F. Supp. 2d 962, 968 n.3 (N.D. Iowa 1999). Based on this authority, the Court holds that, under the first-filed rule, jurisdiction relates back to the filing of the Complaint. The Court agrees with the *Slidell* court's reasoning that such an interpretation best effectuates the Federal Rule of Civil Procedure. 2003 WL 22050776, at *5 (citing Fed. R. Civ. P. 3, which states that a civil action is commenced by filing a complaint with the court).

School Specialty mistakenly relies on this Court's decision in *Red Wing Shoe, Inc. v. B-JAYS USA, Inc.*, No. 02-257, 2002 WL 1398538, at *2, (D. Minn. June 26, 2002), for the proposition that jurisdiction relates back to service, not filing. In *Red Wing,* this issue was not before the Court because the defendant conceded that jurisdiction did not attach until the plaintiff was served. *Id.* Furthermore, the distinction was irrelevant to the outcome in that case because the same party both filed and served first. *Id.* Accordingly, the Court finds that jurisdiction relates to the filing of the Complaint under the first-filed rule. As such, jurisdiction first attached in this Court because Teacher's Outlet filed its Complaint first.

5

Even so, the Court must address School Specialty's alternative argument that this Court should dismiss, transfer, or stay Teacher's Outlet's action under the compelling-circumstances exception to the first-filed rule. School Specialty relies on *Northwest Airlines*, which identified two red flags indicating possible compelling circumstances: (1) when the plaintiff is on notice that the defendant was considering filing suit against it; and (2) when the first-filed suit was for declaratory judgment rather than damages or equitable relief. 989 F.2d at 1005–06. School Specialty contends that both red flags identified in *Northwest Airlines* are present and constitute compelling circumstances that warrant a departure from the first-filed rule. In response, Teacher's Outlet points out that, despite the presence of both red flags, the *Northwest Airlines* court declined to depart from the first-filed rule. Teacher's Outlet asserts that School Specialty's prior letters mirror the unclear letters in *Northwest Airlines*, which the court found "gave no indication that a lawsuit was imminent, or that American was doing anything more than blowing smoke about a potential lawsuit." *Id.* at 1006.

The Court finds that compelling circumstances warrant a departure from the first-filed rule. Both red flags identified in *Northwest Airlines* are indisputably present here. First, School Specialty provided notice of its intention to sue in both its November 2006 and January 2007 letters. Second, Teacher's Outlet seeks declaratory relief in its action.

Although the court in *Northwest Airlines* did not find that compelling circumstances were present, that case is factually distinguishable for two reasons. First, the plaintiff who sought declaratory judgment in *Northwest Airlines* had suffered actual

harm as a result of the defendant's threats to sue. *Id.* In contrast, Teacher's Outlet does not allege that it has suffered harm from School Specialty's threats to sue; rather, Teacher's Outlet merely alleges it will suffer future harm. *See Anheuser-Busch*, 167 F.3d at 419 (distinguishing *Northwest Airlines* and departing from the first-filed rule, where the plaintiff who sought declaratory judgment had suffered no actual harm). Second, in *Northwest Airlines*, the Eighth Circuit found that the defendant who sought a declaratory judgment did not seriously intend to sue because of a twelve-week delay between the defendant's threat to sue and the filing of its suit. 989 F.2d at 1007. In contrast, any delay in this case is attributable to School Specialty's efforts to avoid litigation by settling the dispute out of court.

Based on these distinctions, the Court finds it reasonable to depart from the first-filed rule. Here, the declaratory nature of Teacher's Outlet's action and School Specialty's prior notice of its intent to sue are compelling circumstances that justify departure from the first-filed rule. The Court will not penalize the true plaintiff for filing second when it did so as a result of its providing notice of its intent to sue and in an effort to avoid litigation. *See Red Wing Shoe Co.*, 2002 WL 1398538, at *2. Indeed, the Court seeks to encourage such behavior. Accordingly, in the interests of justice, the Court finds that the Wisconsin court has priority to hear Teacher's Outlet's case. Therefore, for administrative convenience and courtesy, the Court grants School Specialty's request to transfer Teacher's Outlet's declaratory-judgment action to the Eastern District of Wisconsin, Green Bay Division.

**ORDER**

For the reasons stated, **IT IS HEREBY ORDERED** that:

1. School Specialty's Motion to Dismiss, Transfer, or Stay the Proceedings (Doc. No. 14) is **GRANTED IN PART and DENIED IN PART**, as follows:

    a. School Specialty's Motion to Transfer Venue to the Eastern District of Wisconsin is **GRANTED**.

    b. School Specialty's Motion to Dismiss and its alternative Motion to Stay Proceedings are **DENIED**.

2. Teacher's Outlet's Motion to Enjoin School Specialty from Proceeding in the Later-Filed Wisconsin Action (Doc. No. 2) is **DENIED.**

    **LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: July 17, 2007              s/Donovan W. Frank
                                  DONOVAN W. FRANK
                                  Judge of United States District Court