## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

ABC Teacher's Outlet, Inc.,                           Civil No. 07-159 (DWF/SRN)

        Plaintiff,

v.                                                                          **ORDER**

School Specialty, Inc.,
a Wisconsin corporation,

        Defendant.

---

Daniel W. McDonald, Esq., Merchant & Gould PC, counsel for Plaintiff.

Thomas H. Boyd, Esq., Winthrop & Weinstine, PA, and William E. Duffin, Esq.,
Godfrey & Kahn, SC, counsel for Defendant.

---

## INTRODUCTION

The matter is before the Court pursuant to a Motion for Stay of Order to Transfer

brought by Plaintiff ABC Teacher's Outlet, Inc. ("Teacher's Outlet").  For the reasons

stated below, the Court denies Teacher's Outlet's motion.

## BACKGROUND

The background of this case is discussed more fully in the Amended

Memorandum Opinion and Order, dated July 17, 2007 ("July 17 Order").  Briefly,

Teacher's Outlet filed this action on January 11, 2007, seeking a declaration that its use

of the letters "ABC" does not infringe School Specialty's trademarks.  On February 6,

2007, School Specialty filed an action against Teacher's Outlet in the United States

District Court for the Eastern District of Wisconsin ("the Wisconsin action"), alleging

trademark infringement, unfair competition, and related causes of action regarding the same trademarks at issue in this action.  In the July 17 Order, the Court denied Teacher's Outlet's Motion to Enjoin School Specialty from Proceeding in the Later-Filed Wisconsin Action and granted School Specialty's Motion to Transfer Venue to the Eastern District of Wisconsin.[1]  Teacher's Outlet now brings a motion to stay the July 17 Order pending efforts to obtain a writ of mandamus seeking a reversal of that order with the Eighth Circuit Court of Appeals.

## DISCUSSION

A district court has the inherent power to stay its proceedings.  This power is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  *See also Kreditverein der Bank Austria Creditanstalt fur Niederosterreich und Bergenland v. Nejezchleba*, 477 F.3d 942, 945 (8th Cir. 2007) (noting the district court's inherent powers to stay proceedings).

In the July 17 Order, the Court found that compelling circumstances warranted a departure from the first-filed rule.  The first-filed rule establishes that in cases of concurrent jurisdiction, "the first court in which jurisdiction attaches has priority to hear the case."  *Nw. Airlines, Inc. v. Am. Airlines, Inc.*, 989 F.2d 1002, 1005 (8th Cir. 1993). Specifically, the Court concluded that the two "red flags" identified in *Northwest Airlines* were present and that, in the interests of justice, the Wisconsin court had priority to hear

---

[1]    In an Order dated July 19, 2007, the Court stayed the proceedings in this case pending a settlement conference.  The case did not settle.

Teacher Outlet's case.  Teacher's Outlet now seeks a stay of the July 17 Order to

preserve jurisdiction in the Eighth Circuit while is has an opportunity to pursue a writ of

mandamus to seek reversal of the order.[2]  The Court, therefore, considers the propriety of

Teacher Outlet's grounds for seeking a writ.

A writ of mandamus is a "drastic and extraordinary" remedy, one that is "reserved

for really extraordinary causes."  *Cheney v. U.S. Dist. Ct. for the D.C.*, 542 U.S. 367, 380

(2004) (quoting *Ex parte Fahey*, 332 U.S. 258, 259-60 (1947)).  The Eighth Circuit Court

of Appeals "has never looked with favor on the use by a disappointed litigant of the

extraordinary writ of mandamus to secure an interlocutory review of an order entered

pursuant to" the transfer statute § 1404(a).[3]  *Toro v. Alsop*, 565 F.2d 998, 1000 (8th Cir.

1977).  Instead, the Eighth Circuit allows for a narrow range of scrutiny, permitting

interlocutory review in situations involving "manifest judicial arbitrariness."  *Id.*

The only grounds cited by Teacher's Outlet in support of its contention that a writ

is appropriate is that the "red flags" test set forth in *Northwest Airlines* should be clarified

or overruled.  In particular, Teacher's Outlet suggests that the Supreme Court's decision

in *MedImmune, Inc. v. Genentech, Inc.*, 127 S. Ct. 764 (2007), might alter the "red flags"

---

[2]     An order granting a motion to transfer venue is interlocutory and not appealable as
a final judgment.  *See U.S. Fire Ins. Co. v. Am. Family Life Assur. Co. of Columbus, Ga.*,
787 F.2d 438, 438 (8th Cir. 1986).

[3]     Here, the Court's July 17 Order is based on the first-filed rule, the purpose of
which is to conserve judicial resources and avoid conflicting rulings.  *See Keymer v.
Mgmt. Recruiters Int'l, Inc.*, 169 F.3d 501, 503 n.2 (8th Cir. 1999).  Like the power to
transfer a case under § 1404(a), the power to transfer under the first-filed rule is
discretionary.  *See Slidell, Inc. v. Archer Daniels Midland Co.,* No. 02-4841, 2003 WL
22050776, at *4 (D. Minn. Sept. 2, 2003) (citations omitted).

test.  The *MedImmune* decision, however, was filed on January 9, 2007, more than six

months before the issuance of the July 17 Order.  The *MedImmune* decision could have

been, but was not, cited or relied on by Teacher's Outlet when opposing School

Specialty's motion to transfer.  Therefore, it is inappropriate to attempt to rely on

*MedImmune* now.

The Court discerns no legitimate basis for an extraordinary writ, and therefore sees

no efficiency in staying the July 17 Order transferring this case to the Eastern District of

Wisconsin.  Accordingly, the Court denies Teacher's Outlet's motion.

## ORDER

For the reasons stated, **IT IS HEREBY ORDERED** that:

1.      Teacher's Outlet's Motion for Stay of Order to Transfer (Doc. No. 39) is

**DENIED.**

2.      Teacher's Outlet shall have 10 days to file a writ of mandamus.  After that

time, the clerk shall transfer this case to the Eastern District of Wisconsin.


Dated:  October 12, 2007                    s/Donovan W. Frank
                                            DONOVAN W. FRANK
                                            Judge of United States District Court